**United States District Court**
For the Northern District of California

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                        NORTHERN DISTRICT OF CALIFORNIA

7

8   BOARD OF TRUSTEES OF THE SAN                    No. C-08-2619 EMC
    MATEO HOTEL EMPLOYEES AND
9   RESTAURANT EMPLOYEES WELFARE
    FUND, *et al.*,
10                                                  **ORDER RE SUPPLEMENTAL**
                Plaintiffs,                         **BRIEFING AND/OR EVIDENCE**
11
          v.
12
    H. YOUNG ENTERPRISES, INC., *et al.*,
13
                Defendants.
14  _____/

15

16        Plaintiffs are the Board of Trustees of the San Mateo Hotel Employees and Restaurant

17  Employees Welfare Fund and Pension Fund and Sherri Chiesa.  The Welfare and Pension Funds

18  (collectively, "Trust Funds") are employee benefit plans and multiemployer plans.  Plaintiffs filed

19  suit on the behalf of the Trust Funds, for which they are trustees, against Defendants H. Young

20  Enterprises, Inc. ("Enterprises") and Howard Young (individually and doing business as Just

21  Desserts), asserting claims pursuant to the Employee Retirement Income Security Act ("ERISA"),

22  *see* 29 U.S.C. 1132, and the Labor Management Relations Act ("LMRA").  *See id.* § 185.  After

23  Defendants failed to respond to Plaintiffs' complaint, default was entered against Mr. Young on

24  August 29, 2008, and against Enterprises on October 27, 2008.  *See* Docket Nos. 12, 17.  Plaintiffs

25  thereafter moved for default judgment.  Having considered Plaintiffs' brief and accompanying

26  submissions, as well as all other evidence of record, the Court hereby orders that supplemental

27  briefing and/or evidence be provided as follows.

28

United States District Court
For the Northern District of California

# I.   DISCUSSION

A.   Service of Process

   1.   Mr. Young

In the instant case, the proof of service for the summons and complaint indicates that the documents were served on Mr. Young by (1) leaving a copy of the summons and complaint at his place of business with Beverly Lee, the receptionist and person apparently in charge; and (2) thereafter mailing a copy of the summons and complaint to Ms. Lee -- not Mr. Young -- at the place where the documents were left. *See* Docket No. 4.  This service did not strictly comply with California Code of Civil Procedure § 415.20(a).  More specifically, for strict compliance with the statute, a copy of the documents should have been mailed to Mr. Young, and not Ms. Rogers.  The question for the Court is whether Plaintiff's failure to strictly comply with § 415.20(a) renders service of process inadequate.

In *Dill v. Berquist Construction Co.*, 24 Cal. App. 4th 1426 (1994), a California appellate court addressed a similar issue.  In *Dill*, the specific issue for the court was whether the plaintiff had adequately served the defendant-corporation pursuant to California Code of Civil Procedure § 415.40, which allows a summons to be served on a person outside California by sending a copy of the summons and complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt.  The court explained that, "in order to serve a corporate defendant by mail at an address outside the state pursuant to section 415.40, a plaintiff must mail the summons to a person to be served on behalf of the corporation, *i.e.*, to one of the individuals specified in section 416.10." *Id.* at 1436.  The court found that, in that case, the plaintiff did not strictly comply with § 415.40 because he "did not mail the summons to any individual at all, but rather to the corporate defendants themselves." *Id.*  While the plaintiff could have substantially complied with the statute "if, despite his failure to address the mail to one of the persons to be served on behalf of the defendants, the summons was actually received by one of the persons to be served," *id.* at 1437, there was insufficient evidence that the person who received the summons was one of the individuals specified in § 416.10. *See id.* at 1437-39.  "[T]he mere fact that some employee of the corporation received the summons does not necessarily establish substantial compliance.  Rather, there must be evidence

2

**United States District Court**

For the Northern District of California

1  'establishing actual delivery to the person to be served . . . .'" *Id.* at 1438-39.  The *Dill* court

2  therefore concluded that the plaintiff failed to prove that he had effected valid service.

3       In the instant case, there is no doubt that Plaintiffs failed to strictly comply and, while, per

4  *Dill*, substantial compliance can render service adequate, here, there is no evidence of substantial

5  compliance -- *e.g.*, that Mr. Young actually received service of process.  The Court acknowledges

6  that Plaintiffs did leave a copy of the summons and complaint in Mr. Young's office, but there is no

7  authority of which the Court is aware that holds that this, by itself, is sufficient to establish

8  substantial compliance with § 415.20(a).  Indeed, if that could be sufficient, then the mailing

9  component of substitute service would, in essence, be rendered meaningless.

10      The Court therefore orders that Plaintiffs provide supplemental briefing explaining why

11  service of process as to Mr. Young was proper.

12           2.      Enterprises

13      In the instant case, the proof of service for the summons and complaint indicates that the

14  documents were served on Enterprises by (1) leaving a copy of the summons and complaint at its

15  place of business with Beverley Lee, the office assistantand person apparently in charge; and (2)

16  thereafter mailing a copy of the summons and complaint -- to whom it is not clear -- at the place

17  where the documents were left.  *See* Docket No. 13.

18      For reasons similar to above, based on *Dill*, the Court has concerns about the adequacy of

19  service with respect to Enterprises.  The Court therefore orders that Plaintiffs provide supplemental

20  briefing explaining why service of process as to Enterprises was proper.

21  B.      Agreements at Issue

22      In their complaint, Plaintiffs allege that Defendants "were bound by a written collective

23  bargaining agreement with Hotel Employees & Restaurant Employees Local No. 340."  Compl. ¶ 5.

24  In support of their motion for default judgment, Plaintiffs note that "Defendants have not denied

25  being bound by this agreement."  Barrett Decl. ¶ 2.  The Court hereby orders that Plaintiffs provide

26  any and all evidence establishing that *each* of the defendants (*i.e.*, both Mr. Young and Enterprises)

27  agreed to be bound by the collective bargaining agreement (*i.e.*, the SFO Airport Interim

28  Agreement).

**United States District Court**

For the Northern District of California

1    In addition, the Court orders that Plaintiffs provide a signed copy of the collective bargaining

2  agreement.  The copy attached to the Barrett Declaration does not appear to have been signed.

3    Finally, the Court notes that, pursuant to the SFO Airport Interim Agreement, it appears that

4  an employer agrees to be bound by the Trust Agreement for the Welfare Fund.  *See* Interim

5  Agreement § 39(j).  It is not clear where, in the Interim Agreement, an employer agrees to be bound

6  by the Pension Fund Trust Agreement.  Plaintiffs should provide any and all evidence establishing

7  that an employer made such an agreement to be bound by Pension Fund Trust Agreement.

8  C.    Damages

9        1.    Interest

10    Plaintiffs claim that the proper rate of interest for unpaid contributions is 5%.  *See* Barrett

11  Decl. ¶ 9 ("[I]nterest at the rate of 5% is due pursuant to the trust agreements and 29 U.S.C. §

12  1132(g), inasmuch as it is the rate charged by the Internal Revenue Service at this time.").  Based on

13  the Court's review, it does not appear that any particular interest rate is specified in the relevant

14  agreements; therefore, under 29 U.S.C. § 1132(g), "the rate prescribed under section 6621 of the

15  Internal Revenue Code of 1986" is applicable.  Plaintiffs should explain how, pursuant to § 6621,

16  they arrived at a rate of 5%.

17        2.    Damages Calculations (Interest and Unpaid Contributions)

18    Based on the Court's review, it is not clear that the damages calculations for the months of

19  November 2007, June 2008, and September 2008 are correct.  The reports submitted for these

20  months reflect calculations made in three different columns: (1) Welfare; (2) Pension; and (3) Paid

21  Vacation, Sick Leave, Absences, and Holidays.  It is not clear that Plaintiffs are entitled to

22  contributions for the third column since they appear to be trustees for only the Welfare and Pension

23  Trust Funds.  The Court orders Plaintiffs to explain why they are entitled to contributions for the

24  third column (*i.e.*, Paid Vacation, Sick Leave, Absences, and Holidays).

## II.    CONCLUSION

26    The supplemental briefing and/or evidence required by the Court shall be filed within two

27  weeks of the date of this order.

28

4

**United States District Court**
For the Northern District of California

1    All parties are hereby given notice that any opposition to the motion for default judgment

2    shall be filed by January 7, 2009.  Absent further order of the Court, the Court shall prepare a report

3    and recommendation on Plaintiffs' motion based on the papers submitted, *i.e.*, no hearing shall be

4    held.

5    Immediately upon receipt of this order, Plaintiffs shall serve a copy of this order on each

6    Defendant.  Thereafter, Plaintiffs shall file a proof of service with the Court.

7

8    IT IS SO ORDERED.

9

10   Dated:  December 16, 2008

11   _____

     EDWARD M. CHEN

12   United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5