United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE SAN MATEO HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES WELFARE FUND, *et al.*,

    Plaintiffs,

    v.

H. YOUNG ENTERPRISES, INC., *et al.*,

    Defendants.
_____/

No. C-08-2619 EMC

**ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE**

**(Docket No. 22)**

    Plaintiffs are the Board of Trustees of the San Mateo Hotel Employees and Restaurant Employees Welfare Fund, the Board of Trustees of the San Mateo Hotel Employees and Restaurant Employees Pension Fund, and Sherri Chiesa (as trustee). Plaintiffs have filed suit against Defendants H. Young Enterprises, Inc. ("Enterprises") and Howard Young for violations of ERISA. After Defendants failed to respond to Plaintiffs' complaint, Plaintiffs obtained entry of default and now are moving for default judgment.

    Having considered Plaintiffs' motion and accompanying submissions, including the supplemental papers requested by the Court, and all other evidence of record, the Court hereby **DENIES** the motion as to both Defendants, but without prejudice.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

    As indicated above, Plaintiffs represent two different trust funds, *i.e.*, the Welfare Trust Fund and the Pension Trust Fund (collectively, "Trust Funds"). In their complaint, Plaintiffs allege that the Trust Funds are employee benefit and multiemployer plans, *see* Compl. ¶ 2; that Defendants

agreed to make contributions to the Trust Funds pursuant to a collective bargaining agreement ("CBA") with Hotel Employees & Restaurant Employees Local No. 340, *see* Compl. ¶ 5; and that Defendants failed to make contributions to the Trust Funds as required by the CBA, thus violating the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act ("LMRA"). *See* Compl. ¶¶ 1, 7-8. After Defendants failed to respond to Plaintiffs' complaint, Plaintiffs obtained entry of default against Defendants on October 27, 2008. *See* Docket No. 17 (entry of default). Thereafter, Plaintiffs filed the currently pending motion for default judgment.

In their motion for default judgment, Plaintiffs provided a copy of what it claimed was the relevant CBA. The agreement provided was one titled "SFO Airport Interim Agreement." *See* Docket No. 23 (Barrett Decl., Ex. 1) (SFO Airport Interim Agreement). The copy of the agreement was not signed. Moreover, the identity of the contracting parties -- referred to only as Employer and Union -- was not clear. Because of these problems, the Court asked Plaintiffs to supply a signed copy of the SFO Airport Interim Agreement. *See* Docket No. 26 (Order at 4).

In response, Plaintiffs indicated that they were not able to find a signed copy of the SFO Airport Interim Agreement. *See* Docket No. 30 (Supp. Barrett Decl. ¶ 2). Plaintiffs then abandoned their claim that contributions were owed pursuant to the SFO Airport Interim Agreement and asserted instead that contributions were owed under a different agreement -- namely, a CBA entered into between the SFO Restaurant Employers' Council, of which Enterprises is a member, and Unite Here Local 2.[1] *See* Docket No. 29 (Beard Decl., Ex. 8).

## II. DISCUSSION

A. <u>Adequacy of Service of Process</u>

In deciding whether to grant or deny a default judgment, a court must first "assess the adequacy of the service of process on the party against whom default is requested." *Board of*

---

[1] The Court has some confusion about the CBA provided by Plaintiffs as part of their supplemental papers. Based on Exhibit 8 of the Beard declaration, it appears that the Employers' Council did have some kind of an agreement with Unite Here Local 2, but the actual agreement provided is one between that union and Bay Area Restaurant Group (located at the SFO Airport). It is not clear if the Employers' Council and the Bay Area Restaurant Group are one and the same. Nor do the papers describe the relationship between Unite Here Local 2 and Local 340.

2

*Trustees of the N. Cal. Sheet Metal Workers v. Peters*, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001). In the instant case, the Court finds that service of process on both Defendants was adequate.

1. <u>Mr. Young</u>

According to Federal Rule of Civil Procedure 4, an individual may be served pursuant to the law of the state in which the district court is located. *See* Fed. R. Civ. P. 4(e)(1). California law allows for substituted service in lieu of personal service on a individual. Specifically,

> [i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . , a summons may be served by leaving a copy of the summons and complaint at the person's . . . usual place of business . . . in the presence of . . . a person apparently in charge of his or her office . . . who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. . . .

Cal. Code Civ. Proc. § 415.20(b).

In a previous order, the Court expressed concern about whether substituted service had been properly effected. *See* Docket No. 26 (Order at 2-3). Subsequently, Plaintiffs provided an amended proof of service to address the Court's concern. *See* Fed. R. Civ. P. 4(l)(3) (providing that a "court may permit proof of service to be amended"); Docket No. 31 (Supp. Carroll Decl., Ex. 10) (amended proof of service).

The Court has reviewed the amendment and the reason therefor. *See* Docket No. 31 (Supp. Carroll Decl. ¶ 2) (explaining that the "error was in completion of forms and not in the service"). The amended proof of service reflects that the summons and complaint were served by leaving copies at Mr. Young's usual place of business (*i.e.*, Enterprises) in the presence of Ms. Lee, a person apparently in charge of the office, who was generally informed of the contents of the documents. The documents were subsequently mailed to Mr. Young at the address where the documents had been left. Additionally, prior to resorting to substituted service, the process server exercised reasonable diligence in attempting to serve Mr. Young personally on at least two separate occasions. *See* Docket 31 (Supp. Carroll Decl., Ex. 10) (amended proof of service). Because the amended

1  proof of service demonstrates that service was properly effected pursuant to California Code of Civil
2  Procedure § 415.20(b), the Court concludes that service of process on Mr. Young was appropriate.
3         2.     <u>Enterprises</u>
4         Under Federal Rule of Civil Procedure 4(h)(1), a corporation may be served "in the manner
5  prescribed for individuals by subdivision (e)(1)," and Rule 4(e)(1) in turn allows for service pursuant
6  to the law of the state in which the district court is located. *See* Fed. R. Civ. P. 4(h)(1)(A); Fed. R.
7  Civ. P. 4(e)(1). California Code of Civil Procedure § 416.10(a) states that a corporation may be
8  served by delivering copies of the summons and complaint "[t]o the person designated as agent for
9  service of process." Mr. Young is Enterprises's agent for service of process. *See* Docket No. 31
10 (Supp. Carroll Decl., Ex. 11) (information from website for California Secretary of State).
11 California Code of Civil Procedure § 415.20(a) provides that, in lieu of personal delivery, a plaintiff
12 may serve a corporate defendant via substituted service. This is effected by

> leaving a copy of the summons and complaint during usual office hours in [the office of the person to be served] or, if no physical address is known, at his or her usual mailing address . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

17 Cal. Code Civ. Proc. § 415.20(a).
18         Similar to above, the Court initially had some concern about whether service on Enterprises
19 was proper, *see* Docket No. 26 (Order at 3), but Plaintiffs' amended proof of services addresses that
20 concern. The amended proof of service indicates that the summons and complaint were served by
21 leaving copies at Mr. Young's office (*i.e.*, Enterprises) in the presence of Ms. Lee, a person
22 apparently in charge of the office, and then by mailing copies to Mr. Young at the address where the
23 documents had been left.[2] *See* Docket No. 31 (Supp. Carroll Decl., Ex. 10) (amended proof of

---

[2] The Court acknowledges that information from the California Secretary of State reflects an address for Mr. Young as Enterprises's agent of service that is different from Enterprises's address. *See* Docket No. 31 (Supp. Carroll Decl., Ex. 11) (information from website for California Secretary of State). Nevertheless, the California Code of Civil Procedure allows for service at Mr. Young's office, and there is no evidence to indicate that Mr. Young's office is not at Enterprises's address.

4

service).  Because service appears to have been properly effected pursuant to California Code of Civil Procedure § 415.20(a), the Court finds that service of process on Enterprises was appropriate.

B.     Default Judgment and *Eitel* Factors

Because the Court concludes that service of process on Mr. Young and Enterprises was proper, it now turns to the issue of whether a default judgment is appropriate.  As noted above, default was entered against Defendants on October 27, 2008.[3]  *See* Docket No. 17 (entry of default).  After entry of a default, a court may grant a default judgment on the merits of the case.  *See* Fed. R. Civ. P. 55.  Because default has already been entered in this case, the general rule is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  However, "Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *Id.* at 917.  "In order to do justice, a trial court has broad discretion to require that a plaintiff prove up even a purported prima facie case by requiring the plaintiff to establish the facts necessary to determine whether a valid claim exists that would support relief against the defaulting party." *In re McGee*, 359 B.R. 764, 773 (9th Cir. 2006); *see also* Fed. R. Civ. P. 55(b)(2) (providing that a court may conduct a hearing when it needs to, *e.g.*, "establish the truth of any allegation by evidence" or "investigate any other matter").

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Factors that a court may consider in exercising that discretion include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  A default judgment may be refused where the court determines no justifiable claim has been alleged or that a default judgment is inappropriate

---

[3] Default had also been entered against Mr. Young on August 29, 2008.  *See* Docket No. 12 (entry of default).

for other reasons. See *Aldabe*, 616 F.2d at 1092-1093 (holding that district court did not abuse its discretion in denying default judgment against defendants who failed to answer because plaintiff's substantive claims lacked merit).

1. <u>Mr. Young</u>

With respect to the default judgment sought against Mr. Young, the dispositive *Eitel* factors are the second and third factors, which, in essence, "require that [Plaintiffs] 'state a claim on which [they] may recover.'" *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). In the instant case, Plaintiffs have failed to demonstrate that Mr. Young violated ERISA, as contended in the complaint.

Under ERISA, "every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see also id*. § 1132(a)(3) (authorizing, *inter alia*, a fiduciary to bring a civil action to enforce an employer's § 1145 obligation). In the instant case, there is no evidence that Mr. Young -- as an individual -- was obligated to make contributions to the Trust Funds either under the terms of Trust Fund Agreements or under the terms of a CBA. For example, the Employers' Council CBA referred to by Plaintiffs in their supplemental papers is not an agreement to which Mr. Young as an individual is a party. Rather, that is an agreement between the Employers' Council, of which Enterprises is a member, and a local union. *See* Docket No. 29 (Beard Decl., Ex. 8) (CBA).

Notably, the Court gave Plaintiffs an opportunity to demonstrate that Mr. Young was bound by the SFO Airport Interim Agreement, *see* Docket No. 26 (Order at 3) -- which at that point Plaintiffs claimed was the relevant CBA -- but Plaintiffs failed to provide any evidence establishing such. Nor did Plaintiffs make any argument or provide any evidence that Mr. Young should be held liable based on his control of Enterprises. *See Operating Eng'rs Pension Trust v. Reed*, 726 F.2d 513, 515 (9th Cir. 1984) (stating that an individual will be held personally liable for the trust fund obligations of a corporation controlled by that individual "if (1) there is little or no respect shown to the separate entity of the corporation; (2) recognition of the corporation as a separate entity would

result in injustice to the litigants; and, (3) there was a fraudulent intent behind the corporation"). Instead, in their papers, Plaintiffs essentially admit that they sued Mr. Young only out of an abundance of caution. See Docket No. 31 (Supp. Carroll Decl. ¶ 4) (declaring he "believed it was necessary to protect [his] client's ability to make a full recovery, to name [Mr. Young] as well as the suspended corporation").

Because Plaintiffs have failed to state a claim for relief against Mr. Young, the Court concludes that Plaintiffs' request for a default judgment is not appropriate. Nevertheless, the denial of Plaintiffs' motion shall be without prejudice because, for the reasons discussed below, the Court is giving Plaintiffs an opportunity to file an amended complaint. In the amended complaint, Plaintiffs are free to drop Mr. Young as a party to the litigation or, if they believe that he should be held liable, then they must include specific allegations as to the basis of his liability and supporting evidence thereof. Any such allegations must be made in good faith in accordance with Federal Rule of Civil Procedure 11.

2.  Enterprises

As for the default judgment sought against Enterprises, the second and third *Eitel* factors are also dispositive. As with Mr. Young, Plaintiffs have, in essence, failed to state a claim for relief against Enterprises.

The Court arrives at this conclusion because, in Plaintiffs' complaint, they allege that Enterprises is bound by a CBA entered into with Hotel Employees & Restaurant Employees Local No. 340. *See* Compl. ¶ 5. However, the evidence presented by Plaintiffs in support of their motion for default judgment does not indicate that there was any agreement with respect to Local No. 340. Rather, the Employers' Council CBA provided by Plaintiffs is an agreement involving what appears to be a completely different union -- *i.e.*, Unite Here Local 2. The Court notes that this discrepancy causes concern not only because of the analysis required by *Eitel* but also because of the issue of notice -- that is, given the allegations of the complaint, was Enterprises put on fair notice that it could be held liable for obligations pursuant to what appears to be an entirely different contract with an entirely different union.

The Court therefore denies Plaintiffs' motion for default judgment against Enterprises. However, because it does appear that there is some basis for Plaintiffs' claim that Enterprises is a member of the Employers' Council and that the Employers' Council has a CBA with a union pursuant to which contributions are to be made to the Trust Funds at issue, the Court shall give Plaintiffs an opportunity to file an amended complaint. To the extent Plaintiffs claim that the relevant CBA is the Employers' Council CBA with Unite Here Local 2, in the amended complaint Plaintiffs should explain how Enterprises is liable; *e.g.,* whether the Employers' Council is the same entity as the Bay Area Restaurant Group (located at the SFO Airport), etc.. *See* note 1, *supra*. Plaintiffs are directed to file supporting evidence (including the relevant CBA) along with the amended complaint. Plaintiffs shall also address the issue whether adequate notice was given to Enterprises if the complaint were to be amended.

### III.    CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' motion for default judgment against both Defendants. Plaintiffs are given leave to file an amended complaint in accordance with the above. The amended complaint shall be filed within 30 days of the date of this order.

This order disposes of Docket No. 22.

IT IS SO ORDERED.

Dated: April 13, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge